IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>VICTOR J. VEGUILLA-MARTINEZ,<br>Defendant. | CRIMINAL NO. 15-272(PAD)<br>15-696-16(PAD) |

**PLEA AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney; Jose Capó-Iriarte, Assistant United States Attorney and Criminal Division's Chief; Alberto R. López-Rocafort, Assistant United States Attorney and Deputy Chief, Gang Unit; and César S. Rivera Giraud, Assistant United States Attorney, along with Defendant, **VICTOR J. VEGUILLA-MARTINEZ,** and his counsel, Peter Diaz-Santiago, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:



1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**



Defendant agrees to plead guilty to COUNT ONE of the Indictment 15-272(PAD), and COUNT ONE of the Indictment 15-696(PAD).

**COUNT ONE of the Indictment 15-272(PAD)** charges: On or about April 9, 2015, in the District of Puerto Rico and within the jurisdiction of this Court, VICTOR VEGUILLA MARTINEZ, the defendant herein, who was then under indictment for a crime punishable by imprisonment for a term exceeding one (1) year, did willfully receive and possess a firearm that is: a silver colored, Smith

&Wesson, 9mm caliber pistol, bearing serial number VYW9777 and eleven (11) rounds of 9mm caliber ammunition, said firearm and ammunition having been shipped and transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D).

**COUNT ONE of the Indictment 15-696(PAD) charges:** Beginning on a date unknown, but not later than in or about 2008, and continuing up to and until the return of this indictment, in the Municipality of Cayey, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Defendant and others, did knowingly and intentionally combine, conspire and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with the intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; 280 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance; 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; and a measurable amount of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, Luis Munoz Morales and Brisas de Cayey Public Housing Projects and other areas within and near the Municipality of Cayey, Puerto Rico including but not limited to San Tomas and Canteras Wards. All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 860.



## 2. PENALTIES

The penalty for the offense charged in **COUNT ONE of the Indictment 15-272(PAD)**, is a term of imprisonment of not more than 5 years, pursuant to Title 18, United States Code, Section 924(a)(1)(D); a fine not to exceed $250,000 pursuant to Title 18, United States Code, Section§3571(b)(3); and a supervised release term of not more than 3 years, pursuant to Title 18, United States Code, Section 3583(b)(2).

The penalty for the offense charged in **COUNT ONE of the Indictment 15-696(PAD)**, is a term of imprisonment of not less than 10 years, and not more than life; a fine not to exceed $20,000,000; and a supervised release term of not less than 10 years; all pursuant to Title 21, United States Code, Sections 841(a)(1)(b)(1)(A), 846, and 860.

## 3. SENTENCING GUIDELINES APPLICABILITY



Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised

release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

## 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.




## 7. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. at 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to **COUNT ONE of the Indictment 15-272(PAD), and COUNT ONE of the Indictment 15-696(PAD):**

| Sentencing Guidelines Calculations Table COUNT ONE 15-272(PAD) Possession of a Firearm by a Person Under Indictment 18 U.S.C. §922(n) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level | U.S.S.G. § 2K2.1(a)(6)(A) | | | | | | | 14 |
| Acceptance | Acceptance of responsibility §3E1.1(a) | | | | | | | -2 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 12 |
| | 12 | 10-16 | 12-18 | 15-21 | 21-27 | 27-33 | 30-37 | | |
| Sentencing Guidelines Calculations Table COUNT ONE | | | | | | | | |
| Base Offense Level | At least 5 kilograms but less than 15 kilograms of cocaine (30) USSG:2D1.1(c)(5) | | | | | | | 30 |
| Specific Offense Characteristics | Protected Location. (+2) USSG:2D1.2(a)(1) | | | | | | | +2 |
| | If a firearm was possessed USSG:2D1.2(b)(2) | | | | | | | +2 |
| Role in the Offense | - | | | | | | | - |
| Acceptance | Acceptance of responsibility (Offense level is 16 or more) (-3) | | | | | | | -3 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 31 |
| | 31 | 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 | | |

8.  **SENTENCE RECOMMENDATION**



As to **COUNT ONE of the indictment 15-272(PAD)**, after due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties will recommend a sentence of imprisonment within the range of 10 to 16 months.



As to **COUNT ONE of the indictment 15-696(PAD)**, after due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties will recommend a sentence of imprisonment within the range of 120 to 135 months. The state cases GLA20014G0234-0237,GSC2014G0223-0225, are relevant conduct to the offense charged in 15-696(PAD), and the parties will recommend that the sentences in the federal cases be concurrently imposed with these state cases.

9.  **NO STIPULATION AS TO DEFENDANT'S CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

### 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is 135 months of imprisonment or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.



### 12. DISMISSAL OF REMAINING COUNTS

At sentencing, the United States will request the dismissal of the remaining counts against Defendant in criminal case 15-272(PAD), and 15-696(PAD).

### 13. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, Peter Diaz-Santiago, and asserts that counsel has rendered effective legal assistance.



### 14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

6

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.



d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.



e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

*United States v. Victor J. Veguilla-Martinez, 15-272(PAD) and 15-696-16(PAD)*
*Plea Agreement*

### 15. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 16. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 17. FIREARMS FORFEITURE



Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his rights, titles and interest in the following property (hereafter, collectively, the "Property"), that is, any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: a silver colored, Smith &Wesson, 9mm caliber pistol, bearing serial number VYW9777 and eleven rounds of 9mm caliber ammunition. Defendant acknowledges that he possessed the Property in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), as set forth in Count One of the Indictment 15-272(PAD), and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c).



### 18. ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

19. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

20. **BREACH AND WAIVER**

Defendant understands and agrees that if he breaches the plea agreement, he may be prosecuted and sentenced for all of the offenses that he may have committed. Defendant agrees that if he breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. Defendant also agrees that if he is in breach of this plea agreement, he is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.





**SPACE INTENTIONALLY LEFT IN BLANK**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Jose Capó-Iriarte**
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 10/24/18

_____
**Peter Diaz-Santiago**
Counsel for Defendant
Dated: Oct. 25, 18

_____
**Alberto R. López-Rocafort**
Assistant U.S. Attorney
Deputy Chief, Gang Unit
Dated: 10/23/2018

_____
**Victor J. Veguilla-Martinez**
Defendant
Dated: Oct. 25, 18

_____
**César S. Rivera Giraud**
Assistant U.S. Attorney
Dated: 10/23/2018

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. My counsel has translated the plea agreement and explained it to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: Oct. 25, 18

_____
Victor J. Veguilla-Santiago
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: Oct. 25, 2018

_____
Peter Diaz-Santiago
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating Title 18, United States Code, Section 922(n), as charged in Count One of the indictment 15-272(PAD); and violating Title 21, United States Code, Sections 841(a)(1), 846, and 860, as charged in COUNT ONE of the Indictment 15-696(PAD).

**Criminal case 15-272(PAD):**

On April 9, 2015, at approximately 1:30 pm, Puerto Rico Police Department (PRPD) Agents assigned to the Guayama Drug Unit, with the assistance of Homeland Security Ponce personnel, executed a state search warrant in Brisas De Cayey Housing Projects, Building P #162, in Cayey, Puerto Rico. Upon arriving at the Housing Project, PRPD Agents observed Victor Veguilla-Martinez, who is named in the search warrant as a resident of apartment #162, in the passenger seat of a red Mazda bearing PR registration AUZ-630. The red Mazda was being driven by another individual who was in the process of driving towards the exit of the Housing Project. PRPD Agents stopped the vehicle, VEGUILLA-Martinez and the other individual.



Inside the vehicle PRPD Agents located a silver colored Smith &Wesson 9mm pistol bearing serial number VYW9777, in the rear left passenger seat. The pistol was in several pieces inside of a plastic bag. Also inside the plastic bag was a magazine loaded with eleven 11 rounds of 9mm ammunition. Further investigation revealed that at the time of his arrest, Veguilla- Martinez was under an indictment for state level firearms charges punishable by imprisonment for a term exceeding one year. The investigation further revealed that no firearms, including this type, are manufactured in the commonwealth of Puerto Rico and therefore, the investigation concluded the firearm in this case was

transported in interstate or foreign commerce.

Defendant admits that he possessed the firearm seized while he was a person under indictment for crimes punishable by imprisonment for a term exceeding one year.

**Criminal case 15-696(PAD):**

Beginning on a date unknown, but not later than in or about 2008, and continuing up to and until the return of this indictment, in the Municipality of Cayey, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Defendant and others, did knowingly and intentionally conspire to possess with the intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin; 280 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"); 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine; a measurable amount of a mixture or substance containing a detectable amount of marijuana; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet); and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax); all within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, Luis Munoz Morales and Brisas de Cayey Public Housing Projects and other areas within and near the Municipality of Cayey, Puerto Rico including but not limited to San Tomas and Canteras Wards. All in violation of Title 21, United States Code, Sections 846, 841(a)(l) and 860.



Defendant admits that he was a runner for the drug trafficking organization at Brisas de Cayey Public Housing Project. He was responsible for providing sufficient narcotics to the sellers for further distribution at the drug point. He was also responsible for distributing wholesale amounts of controlled substances to other co-conspirators and then collect the proceeds on behalf of the leaders and drug owners. Defendant was responsible for collecting the proceeds of the drug sales and for paying the

street sellers.

Defendant possessed and carried firearms in furtherance of the drug trafficking operations, and to protect other members of the organization, the narcotics, and the proceeds derived from the sales of the narcotics.

Although multi-kilogram amounts of the controlled substances mentioned in the indictment were sold during the conspiracy, for purposes of this plea agreement Defendant admits that he conspired to possess with intent to distribute at least 5 kilograms but less than 15 kilograms of cocaine, to yield a base offense level of 30.

Defendant admits that he joined the conspiracy willfully and knowingly and that it was his intent at all times that the objectives of the conspiracy succeed. At no time prior to his arrest did the manifest his intent to withdraw from the conspiracy.

Defendant agrees that the facts contained in this statement are true, including any handwriting edits that may be added to the statement. He adopts this statement of facts as his testimony in support of his guilty plea, and requests the Court to consider it as the basis for its finding of guilt as to COUNT ONE of the Indictment 15-272(PAD), and COUNT ONE of the Indictment 15-696(PAD), to which he has plead.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in COUNT ONE of the Indictment 15-272(PAD), and COUNT ONE of the Indictment 15-696(PAD) by presenting physical and documentary evidence, including but not limited to: the controlled substances and firearms seized, photographs, videos, and the testimony of forensic chemists as expert witnesses, cooperators, as well as the testimony of Homeland Security Investigations and Police of Puerto Rico agents among others.

*United States v. Victor J. Veguilla-Martinez, 15-272(PAD) and 15-696-16(PAD)*
*Plea Agreement*

    Full Discovery was timely provided to the Defendant.

_____
César S. Rivera-Giraud
Assistant United States Attorney
Dated: 10/23/2018

_____
Peter Diaz-Santiago
Counsel for Defendant
Dated: Oct. 25, 18

_____
Victor J. Veguilla-Martinez
Defendant
Dated: Oct. 25, 18

15